NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALEXANDER NAPIER FLORENCE, *Appellant.*

No. 1 CA-CR 18-0513
FILED 12-19-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-111034-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

The Bidwill Law Firm PLLC, Phoenix
By Josephine F. Bidwill
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the Court, in which Acting Presiding Judge David D. Weinzweig and Judge Joshua Rogers[1] joined.

---

**S W A N N**, Judge:

**¶1**        Alexander Napier Florence appeals his convictions and sentences for possession of narcotic drugs, possession of drug paraphernalia, and possession of marijuana. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Florence was charged with one count each of possession of narcotic drugs, possession of drug paraphernalia, and possession of marijuana. Before trial, he invoked his right to self-representation through a voluntary, signed waiver of counsel, which the court accepted. At a subsequent hearing, the trial court told Florence to appear at hearings on time and warned him that failure to appear could result in revocation of his right to self-representation. Florence nevertheless failed to arrive on time "several times" at pretrial proceedings, resulting in bench warrants that were later quashed.

**¶3**        The day before trial, Florence again failed to appear on time. The court consequently admonished him when he arrived to be on time and warned him of the consequences of failing to appear. During trial, the court repeated its warning, stating "make sure you're here on time. If you fail to appear, a warrant could issue for your arrest and the hearing could continue in your absence."

**¶4**        After the jury retired to deliberate on the final trial day, Florence told the court that he planned to "stick around" to wait for the verdict. The jury was ready to return its verdict about a half-hour later.

---

[1]        The Honorable Joshua Rogers, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

When the court reconvened, Florence was not present, and the bailiff was unable to locate him. The court subsequently revoked Florence's pro per status and appointed his advisory counsel for the remainder of the proceedings.

¶5      The jury, by its verdict, found Florence guilty as charged. Florence advised the court at sentencing that he had intended to be present for the verdict, but "g[ot] cold feet[.]" He did not object when the court informed him that his pro per status had been revoked. The court sentenced Florence to three concurrent terms of incarceration: a term of 6.5 years for possession of narcotic drugs, 3.75 years for possession of drug paraphernalia, and 3.75 years for possession of marijuana. It also credited him with 189 days' presentence incarceration credit. Florence appealed.

## DISCUSSION

¶6      Florence's sole argument on appeal is that the trial court erred by revoking his right to represent himself. We review a trial court's decision to revoke a defendant's self-representation status for an abuse of discretion. *State v. Hidalgo*, 241 Ariz. 543, 554 ¶ 44 (2017). A defendant has a constitutional right to proceed without counsel, "but only so long as the defendant is able and willing to abide by the rules of procedure and courtroom protocol." *State v. Gomez*, 231 Ariz. 219, 222 ¶ 8 (2012) (quoting *State v. Whalen*, 192 Ariz. 103, 106 (App. 1997)).

¶7      Florence repeatedly demonstrated an unwillingness or inability to abide by court orders and rules. As the record reflects, Florence was explicitly admonished several times for being late to hearings and warned that proceedings could continue in his absence if he failed to appear. Notwithstanding the trial court's warnings, Florence was continually late to pretrial proceedings and ultimately failed to appear for the pronouncement of the jury's verdict, despite his advising the court that he planned to stay nearby to wait for the verdict. As such, the trial court did not abuse its discretion when it revoked Florence's pro per status.

## CONCLUSION

¶8 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA